CIRCUIT COURT FOR CLACKAMAS COUNTY, MARCH TERM, 1871.

DAVID WILLS v. DANIEL WILSON AND W. C. WILSON.

ALTERATION.—Adding to a promissory note the words "in gold coin," is a material alteration.

NOTICE.—If the plaintiff took the note knowing that it was altered without the consent of one of the makers, he can not recover against the maker not consenting.

IDEM.—If it is so altered, and the plaintiff before receiving the altered note was put upon inquiry, he cannot recover against the party who did not consent to the alteration.

IGNORANCE.—Ignorance of the law will not excuse.

ALTERATION.—If the plaintiff was without fault and was deceived, and received the note believing that the note was altered by both the makers, when in fact one of the makers did not authorize the alteration, the plaintiff is entitled to recover against the latter upon the original note, to the same extent as if no alteration had been made.

THIS was an action on a promissory note. The answer does not deny the consideration or the execution of a promissory note for the amount claimed, but the separate answer of Daniel Wilson sets up, that since the execution of the note, the plaintiff and W. C. Wilson had altered the note by adding to it the words, "in gold coin."

The replication denies that the alteration was made by the plaintiff, but alleges that it was made by W. C. Wilson; and sets up, in substance, that the plaintiff was deceived by W. C. Wilson and made to believe that the alteration was made with the consent of both defendants.

The evidence disclosed that W. C. Wilson purchased sheep of the plaintiff, and that Daniel Wilson, the father of W. C. Wilson, signed a note with him for the purchase price. The plaintiff, after having the note two or three days, discovered that it was not made payable in coin, and went to the premises where both the defendants lived, and finding W. C. Wilson in the street, asked him for a new note. W. C. Wilson took the note into the house, leaving the plaintiff in the street, and shortly came out with the note, with the words "in gold coin" added. The plaintiff received the altered note and kept it some years after ma-

turity, and then brought this action. The plaintiff first declared upon it as a note for coin ; a trial was had, and the jury disagreed. The plaintiff then amended his pleading, and now claims to recover on the note as originally made.

*A. F. Forbes*, for the plaintiff.

*Mitchell & Dolph*, for the defendant.

After the jury were sworn and the case stated to the jury, the defendant moved the court for a judgment on the pleadings. The motion was overruled.

After the close of the plaintiff's testimony, the defendant moved for a nonsuit.

It was held that it was a question of fact for the jury, whether the plaintiff, when the note was returned to him, had reason to believe that the note was altered by the consent of Daniel Wilson, and the motion was overruled.

The plaintiff, having requested that the instructions to the jury be given in writing, requested the following, which the court declined to give:

"If the alteration was not made by W. C. Wilson and by the plaintiff, or by the concurrence of the plaintiff, the plaintiff is entitled to recover.

"If the change was innocently made, without any bad intent on the part of the plaintiff Wills, and not by him or by his concurrence, the plaintiff is entitled to recover."

The defendant Daniel Wilson asked the following instructions, which the court *declined* to give :

"Under the pleadings in this case, the plaintiff cannot deny that he consented to the alteration of the note.

"If the note was altered after its execution, and such alteration was made without the knowledge or consent of Daniel Wilson, the plaintiff cannot recover upon such note, as it was, either before or after alteration."

"The taking and retaining the note by the plaintiff from W. C. Wilson, as altered, was an adoption of the act of altering the same by the plaintiff, if the jury are satisfied that he did so take and retain the same. The plaintiff taking the altered note was bound to know that the alteration was assented to by Daniel Wilson as well as by W. C. Wilson."

The following instructions requested by the defendant, were given:

"Alteration by adding to this note the words 'in gold coin' was a material alteration.

"The alteration of the note by W. C. Wilson, at the request of the plaintiff, without the knowledge or authority of Daniel Wilson, if done, would have been an unlawful act."

"It is a presumption of law that an unlawful act was done with an unlawful intent."

THE COURT. UPTON, J. then instructed as follows:

If the plaintiff had reason to believe, and did believe, at the time the note was altered, that both the defendants consented to the alteration, and the circumstances were not such as to put a reasonable man on inquiry as to the consent of Daniel Wilson, the plaintiff is entitled to recover to the same extent as if the note was not altered.

But if W. C. Wilson acted without authority, and the plaintiff was not deceived, or if the circumstances were such that a reasonable man would have suspected or believed the act to be done without Daniel Wilson's consent, the plaintiff, by accepting the altered notes, released Daniel Wilson. In that case, the alteration can not be disregarded as innocently made. If the plaintiff was ignorant of the law, and did not know the effect of altering the note without the consent of Daniel Wilson, that circumstance is not available. Ignorance of the law cannot operate as an excuse, nor change the rights of the parties.

If the plaintiff was deceived about the facts, and believed the alteration was made with the consent of both defendants, and had no reason to suspect the contrary, his accepting the altered note will not amount to entering into a new contract with W. C. Wilson alone, and will not discharge Daniel Wilson from liability.

When the circumstances are such as would excite suspicion and naturally attract the attention, a party will be presumed to have been put upon inquiry, and if he does not inquire he will be presumed to have known the facts.

The jury returned a verdict for the defendant.